IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------x
: 
In re: : Chapter 11
:
ICL HOLDING COMPANY, INC., et al., : Case No. 12-13319 (KG)
:
Debtors.[1] : Jointly Administered
:
------------------------------x  Related Docket No.: 1103, 1133

### ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 305(a), 349 AND 1112(b) AND FED. R. BANKR. P. 1017(a) (A) DISMISSING THE DEBTORS' CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") seeking entry of an order, pursuant to sections 105(a), 305(a), 349 and 1112(b) of title 11 of the United States Code (the "Bankruptcy Code") and rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), dismissing the Debtors' Chapter 11 Cases and granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: ICL Holding Company, Inc. (7662), Boise HCI, Inc. (2686), RC Services, L.L.C. (2279), ABC HCC, L.L.C. (2012), HICL Holdings, Inc. (3557), ICL Holdco, LLC (3233), ICL Intermediate Holdco, Inc. (7709), SACL Center, Inc. (N/A), CL Holding Company of Texas, LLC (9174), Holdings CL, Inc. (2090), HCL1 at Tenaya, LLC (8443), ABC HCL, LLC (9674), HCL of Chester County, Inc. (6062), HCL of Dayton, Inc. (2086), Fort Worth HCL, L.P. (5272), HCL of Mechanicsburg, LLC (5957), HCL of Milwaukee, Inc. (4291), HCL New Orleans, L.L.C. (4151), HCL of North Carolina, L.L.C. (1857), North Texas HCL, L.P. (2743), HCL of Northern Nevada, Inc. (0990), HCL of Pittsburgh, LLC (9672), ASHCL, LLC (6312), HCL of Sarasota, LLC (7045), HCL of South Texas, Inc. (5457), Investments of CL, L.L.C. (5041), CL Investments 2, LLC (4598), SMCL, L.L.C. (4309), CL REIT 1, Inc. (3708), CL REIT 2, Inc. (2075), HSCL of North Louisiana, LLC (2585), HSCN of Denver, Inc. (8584), HCN/Muskegon, Inc. (1802), Pittsburgh HS, LLC (6725) and HSAS, Ltd. (5386).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having considered the Motion; and it appearing that the legal and factual bases set forth in the Motion constitute just cause for the relief granted herein; and it appearing that the relief requested by the Motion is in the best interests of the Debtors', their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1. The Motion is granted as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3. Except as provided herein with respect to ICL Holding Company, Inc. and Holdings CL, Inc., each of the Chapter 11 Cases shall be dismissed upon a certification of counsel that (a) the Committee has completed its claims reconciliation process with respect to such Debtor, (b) all U.S. Trustee fees attributable to such Debtor have been paid in full and (c) all monthly operating reports for such Debtor have been filed.

4. In addition to the requirements set forth in Paragraph 4 herein, the Chapter 11 Cases of ICL Holding Company, Inc. and Holdings CL, Inc. shall be dismissed upon further certification of counsel that (d) no further action with respect to the Appeals is pending and that no party to the Appeals is entitled to file any further petition or appeal with respect thereto, (e) the Escrows have been closed in accordance with their terms and (f) the Court has entered orders with respect to final fee applications.

5. Notwithstanding any provision of this Order to the contrary, the obligation of each Debtor to file a monthly operating report and to pay quarterly fees to the Office of the United States Trustee shall continue until such Debtor's case is dismissed pursuant to the provisions of this Order.

6. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of the Order shall be immediately effective and enforceable upon its entry.

7. Notwithstanding the entry of any order dismissing the Chapter 11 Cases of any Debtor other than ICL Holding Company, Inc. and Holdings CL, Inc., the Court shall retain jurisdiction to review and approve the fees and expenses of the Debtors' and the Committee's professionals.

8. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the interpretation or implementation of this Order and any other order of the Court entered in the Chapter 11 Cases.

Dated: Wilmington, Delaware
       January 24, 2014

_____
Honorable Kevin Gross
CHIEF UNITED STATES BANKRUPTCY JUDGE