IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ICL HOLDING COMPANY, Inc., et al.,[1] | ) | Case No. 12-13319 (KG) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | **Objection Deadline: May 29, 2014 at 4:00 p.m. (ET)** |

### OFFICIAL COMMITTEE OF UNSECURED CREDITORS' SECOND NOTICE OF SATISFACTION OF CLAIMS

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND SATISFIED CLAIMS IDENTIFIED ON EXHIBIT A ATTACHED HERETO**

TO: (i) counsel for the Debtors; (ii) counsel to the Agent; (iii) counsel to the Steering Committee; (iv) the Office of the United States Trustee for the District of Delaware; (v) all parties that have requested notice under Bankruptcy Rule 2002 in these cases; and (vi) claimants whose Satisfied Claims are subject to this notice.

**PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") hereby files this notice (the "Notice") identifying certain claims filed against the above-captioned debtors and debtors in possession (collectively, the "Debtors") and their estates that have been fully or partially satisfied (each, a "Satisfied Claim," and collectively, the "Satisfied Claims") during these chapter 11 cases. A list of the Satisfied Claims is attached hereto as Exhibit A. In support of this Notice, the Committee

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: ICL Holding Company, Inc. (7662), Boise HCI, Inc. (2686), RC Services, L.L.C. (2279), ABC HCC, L.L.C. (2012), HICL Holdings, Inc. (3557), ICL Holdco, LLC (3233), ICL Intermediate Holdco, Inc. (7709), SACL Center, Inc. (N/A), CL Holding Company of Texas, LLC (9174), Holdings CL, Inc. (2090), HCLl at Tenaya, LLC (8443), ABC HCL, LLC (9674), HCL of Chester County, Inc. (6062), HCL of Dayton, Inc. (2086), Fort Worth HCL, L.P. (5272), HCL of Mechanicsburg, LLC (5957), HCL of Milwaukee, Inc. (4291), HCL New Orleans, L.L.C. (4151), HCL of North Carolina, L.L.C. (1857), North Texas HCL, L.P. (2743), HCL of Northern Nevada, Inc. (0990), HCL of Pittsburgh, LLC (9672), ASHCL, LLC (6312), HCL of Sarasota, LLC (7045), HCL of South Texas, Inc. (5457), Investments of CL, L.L.C. (5041), CL Investments 2, LLC (4598), SMCL, L.L.C. (4309), CL REIT 1, Inc. (3708), CL REIT 2, Inc. (2075), HSCL of North Louisiana, LLC (2585), HSCN of Denver, Inc. (8584), HCN/Muskegon, Inc. (1802), Pittsburgh HS, LLC (6725) and HSAS, Ltd. (5386).

respectfully represents as follows:

## Background

1.  On December 11, 2012 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under the Bankruptcy Code. On December 20, 2012, the United States Trustee for Region 3 appointed the Committee.

2.  On December 11, 2012, the Debtors filed a motion [Docket No. 23] (the "Sale Motion") seeking to sell substantially all of their assets (the "Sale"). On February 7, 2013, in connection with the proposed Sale, the Debtors filed and served a notice of cure amounts with respect to certain executory contracts or unexpired Leases to be assumed and assigned [Docket No. 337] (the "Cure Notice") under the Sale. On March 1, 2013, the Debtors filed and served an amended notice of cure amounts [Docket No. 480] (the "Amended Cure Notice," and together with the Cure Notice, the "Cure Notices"). The Cure Notices provided that the Purchasers (defined below) would satisfy prepetition arrearages owing to certain creditors in connection with contracts that were assigned to the Purchasers.

3.  On April 4, 2013, the Court entered an order [Docket No. 617] (the "Sale Order") approving the Debtors' proposed Sale to Hospital Acquisition LLC and its direct and indirect subsidiaries (collectively, the "Purchaser"). On May 21, 2013, the Court entered an order [Docket No. 770] (the "Boise Sale Order") approving the Debtors' proposed sale of certain assets (the "Boise Sale") to Vibra Hospital of Boise, LLC (the "Boise Purchaser," and, together with the Purchaser, the "Purchasers").

4.  On April 26, 2013, the Committee filed a motion to approve a settlement in connection with the Sale [Docket No. 690] (the "Settlement Motion"), seeking approval of a term sheet settlement (the "Term Sheet"). On May 28, 2013, the Court entered an order

approving the Settlement Motion [Docket No. 794] (the "Settlement Order"), and approving the Term Sheet. Pursuant to the approved Term Sheet settlement, the Committee is responsible for conducting a claims reconciliation process for any claims that might be entitled to distributions from GUC Funds (as defined in the Term Sheet).

5.     On February 28, 2014, the Court entered an order [Docket No. 1194] approving the Liquidating Trust Agreement and GUC Trust for administration and distribution of the GUC Funds under the Term Sheet and Settlement Order.

### Proofs of Claim and Bar Dates

6.     On December 13, 2012, the Court entered an order [Docket No. 59] appointing Kurtzman Carson Consultants LLC ("KCC") as claims and noticing agent for the Debtors. KCC is authorized to receive, maintain, record and otherwise administer the proofs of claim filed in these chapter 11 cases and to maintain the official claims registers for each of the Debtors (collectively, the "Claims Register").

7.     On August 22, 2013, the Committee filed the *Motion of the Official Committee of Unsecured Creditors for an Order (1) Fixing Bar Date for the Filing of Non-Priority Unsecured Proofs of Claim, (2) Fixing Bar Date for the Filing of Non-Priority Unsecured Proofs of Claim by Governmental Units, (3) Authorizing Form and Manner of Notice Thereof, and (4) Granting Related Relief* [Docket No. 974] (the "Bar Date Motion").

8.     On September 13, 2013, the Court entered the *Order (1) Fixing Bar Date for the Filing of Non-Priority Unsecured Proofs of Claim, (2) Fixing Bar Date for the Filing of Non-Priority Unsecured Proofs of Claim by Governmental Units, (3) Authorizing Form and Manner of Notice Thereof, and (4) Granting Related Relief* [Docket No. 997] (the "Bar Date Order").

9.     Pursuant to the Bar Date Order, the deadline for filing general unsecured proofs of

claim was October 28, 2013 at 4:00 p.m. prevailing Eastern Time and the deadline for governmental units for filing general unsecured proofs of claim was October 28, 2013 at 4:00 p.m. prevailing Eastern Time (the "General Bar Date").

10. On September 16, 2013, the Committee filed the *Notice of Bar Dates for Filing Non-Priority General Unsecured Proofs of Claim* [Docket No. 999] (the "Bar Date Notice"), which was served by KCC in accordance with the Bar Date Order [Docket Nos. 1014, 1023].

### Claims Satisfied After the Petition Date

11. The Committee, in consultation with the Debtors' advisors, has reviewed the Debtors' books and records and has determined that the Satisfied Claims have been fully or partially satisfied by payments made after the Petition Date and that no further distributions from the GUC Trust or a reduced distribution would be required on account of amounts asserted in the Satisfied Claims.

12. Accordingly, the Committee intends to have KCC designate on the Claims Register that the Satisfied Claims have been satisfied in whole or in part as indicated on the attached Exhibit A. Out of an abundance of caution, however, the Committee is serving this Notice on all parties holding Satisfied Claims and providing such parties with an opportunity to object to the Committee's position that such claims have been satisfied in whole or in part.

13. **Any party disputing the Committee's position that a particular Satisfied Claim has been satisfied must file a written response with the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and serve such response on the undersigned counsel to the Committee, on or before May 29, 2014 at 4:00 p.m. (ET).** The Committee will then make a reasonable effort to review the Satisfied Claim with the claimant to determine whether any

asserted amounts were, in fact, not satisfied as indicated. In the event that the parties are unable to reach a resolution, the Committee anticipates that a hearing will be held on the matter at a date and time to be determined by the Committee, in its discretion, subject to the Court's availability.

### Reservation of Rights

14. The Committee reserves any and all rights to amend, supplement or otherwise modify this Notice and to file additional notices of this nature with respect to any and all (i) claims filed in these chapter 11 cases, including, without limitation, any and all of the Satisfied Claims, and (ii) amounts scheduled against the Debtors' estates in the schedules. The Committee also reserves any and all rights, claims and defenses with respect to any and all of the Satisfied Claims, and nothing included in or omitted from this Notice shall impair, prejudice, waive or otherwise affect any such rights, claims and defenses.

Dated: May 15, 2014                                PACHULSKI STANG ZIEHL & JONES LLP

                                                   _/s/ Peter J. Keane_
                                                   Laura Davis Jones (Bar No. 2436)
                                                   Bradford J. Sandler (Bar No. 4142)
                                                   James E. O'Neill (Bar No. 4042)
                                                   Peter J. Keane (Bar No. 5503)
                                                   919 North Market Street, 17th Floor
                                                   Wilmington, Delaware  19899-8705
                                                   Telephone:  (302) 652-4100
                                                   Facsimile:   (302) 652-4400
                                                   E-mail:      ljones@pszjlaw.com
                                                                bsandler@pszjlaw.com
                                                                joneill@pszjlaw.com
                                                                pkeane@pszjlaw.com

                                                   Counsel to the Official Committee of Unsecured Creditors

DOCS_DE:193104.2 50756-002